AEK/ED 1433-036                                                          Firm I.D. No. 29558

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT E. MANLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 08 CV 1757 |
| v. ) | |
| ) | Judge William T. Hart, Room 2243 |
| NORTHEAST ILLINOIS REGIONAL ) | |
| COMMUTER RAILROAD CORP., d/b/a METRA, ) | Magistrate Judge Morton Denlow, |
| ) | Room 1350 |
| Defendant. ) | |

### MOTION TO VACATE ANY AND ALL TECHNICAL DEFAULTS, AND FOR LEAVE TO FILE ANSWER *INSTANTER*

Defendant, Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra, by its attorneys, Swanson, Martin & Bell, LLP, moves this court to vacate any and all technical defaults entered against it and for leave to file answer and affirmative defenses *instanter*, (a copy of which is attached hereto as Exhibit A).

*Respectfully submitted,*

***SWANSON, MARTIN & BELL, LLP***

BY:   /s/ A. Jay Koehler
        One of the attorneys for Defendant
        Northeast Illinois Regional Commuter
        Railroad Corporation d/b/a Metra

A. Jay Koehler
Ewa Dabrowski
Swanson, Martin & Bell, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
Telephone: (312) 321-9100
Firm I.D. No. 29558

# EXHIBIT A

AEK/ED 1433-036                                                Firm I.D. No. 29558

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT E. MANLEY, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORTHEAST ILLINOIS REGIONAL )<br>COMMUTER RAILROAD CORP., d/b/a METRA, )<br>)<br>Defendant. ) | CASE NO. 08 CV 1757<br><br>Judge William T. Hart, Room 2243<br><br>Magistrate Judge Morton Denlow,<br>Room 1350 |

## METRA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Northeast Illinois Regional Commuter Railraod Corporation d/b/a Metra (hereinafter "Metra"), by and through its attorneys, Swanson, Martin & Bell, LLP, for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. The action arises out of the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.*

    **ANSWER**: Defendant admits the allegations contained in paragraph 1 of plaintiff's complaint.

2. That at all times relevant herein, plaintiff Robert E. Manley, Jr., was employed by the defendant, Metra, as a fork lift driver/laborer in Chicago, Illinois, and that his work substantially affected interstate commerce.

    **ANSWER**: Defendant Metra admits the allegation set forth in paragraph 2.

3. Plaintiff is and was at all relevant times an employee of the defendant, Metra, subject to the provisions of the FELA, 45 U.S.C. §51 *et seq.*

    **ANSWER**: Defendant Metra admits that at all times herein it was a local unit of public government created by The Regional Transportation Authority Act, 70 ILCS 3615/3B.01, providing commuter transportation service by rail

within Northeast Illinois, and further admits that at all times herein it was subject to the provisions of the FELA, 45 U.S.C.A. Sect. 51 *et seq.*

4. That on or about June 10, 2005, and for some time prior thereto, the Defendant was a corporation duly existing according to law to engage in, and was at all times mentioned herein, engaged in doing business as a common Railroad in the State of Illinois and other states of the United States.

> **ANSWER:** As to the allegations set forth in Paragraph 4, Defendant Metra admits only that on June 10, 2005, and for some time prior thereto, it was a local unit of public government created by The Regional Transportation Authority Act, 70 *ILCS* 3615/3B.01, providing commuter transportation service by rail within Northeast Illinois.

5. That at all times relevant herein, including the present, defendant has operated trains, owned tracks and yards and other property in the Northern District of Illinois. That defendant owns, operates an controls a railroad running between the Northern District of Illinois and other states in the United States.

> **ANSWER:** As to the allegations set forth in Paragraph 5, Defendant Metra admits only that on June 10, 2005, and for some time prior thereto, it was a local unit of public government created by The Regional Transportation Authority Act, 70 *ILCS* 3615/3B.01, providing commuter transportation service by rail within Northeast Illinois.

6. That on or about June 10, 2005, the plaintiff Robert E. Manley, Jr., was emplyed, doing his regular duties as a fork lift driver/laborer at the defendant Metra's facility in Chicago, Illinois.

> **ANSWER:** As to the allegations set forth in paragraph 6, defendant Metra admits that on June 10, 2005 plaintiff was employed by Metra as a Laborer working out of the Rock Island District 49th Street Mechanical Department facility. As to the remaining allegations, Metra is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies said allegations at this time.

2

7. That at the aforesaid time and place, the plaintiff, Robert E. Manley, Jr., was pursuant to the instructions of his employer, picking up garbage bags when unstable and poorly laid rocks under his feet gave way, causing him to fall and injury plaintiff, Robert E. Manley, Jr.'s, right knee, among other things.

**ANSWER:** Defendant Metra denies the allegations contained in paragraph 7.

8. Plaintiff states that his injuries and damages resulted in whole or in part from the negligent acts or omissions of the defendant in one or more of the following particulars:

    a. Defendant failed to provide plaintiff with a reasonably safe place to work; or

    b. Defendant failed to provide reasonably safe conditions for work; or

    c. Defendant failed to provide reasonably safe methods of work; or

    d. Defendant failed to provide reasonably safe equipment or tools for work; or

    e. Defendant failed to adequately inspect or maintain the rock, or ballast as it is called on the railroad; or

    f. Defendant failed to provide reasonably safe walking conditions; or

    g. Defendant placed oversized ballast in its yard; or

    h. Defendant failed to properly tamp its ballast or otherwise properly maintain it.

**ANSWER:** Defendant Metra denies the allegations set forth in Paragraph 8 and specifically denies the allegations contained in subparagraphs (a)-(h) inclusively thereof.

9. As a result of the aforementioned conduct of the defendant, plaintiff was caused to suffer the following serious, painful and permanent injuries, to-wit: Plaintiff suffered injuries to his right knee, and the nerves, ligaments, soft tissues and adjacent structures; plaintiff suffered and will continue to suffer mental anguish; plaintiff was caused to undergo medical treatment,

tests, therapy, x-rays, and surgery and will require future medical treatment; plaintiff has lost wages, fringe benefits and will in the future lose further such wages and fringe benefits; plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums for medical treatment. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of defendant's negligence. Plaintiff's ability to work, labor and enjoy the normal pursuits of life has been impaired and lessened all to plaintiff's damage.

**ANSWER:** Defendant Metra denies the allegations set forth in paragraph 12.

13. That Plaintiff has been denied the right to return to work and as such has significant future wages, benefits, insurance, pension monies and other job benefits and in addition, will suffer an inability to support himself and his minor child in the immediate future and for sometime forward.

**ANSWER:** Defendant Metra denies the allegations set forth in paragraph 13.

WHEREFORE, Defendant, Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra, denies that plaintiff is entitled to a judgment in any amount whatsoever, and prays that this Complaint be dismissed with prejudice and costs assessed against the plaintiff.

## SEPARATE AND AFFIRMATIVE DEFENSES

As for its separate and affirmative defenses, defendant Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra states as follows:

### FIRST AFFIRMATIVE DEFENSE
*Comparative Negligence – 45 U.S.C. §53*

Without prejudice to its denials or other statements in its pleadings, defendant states that

Plaintiff's injuries were a result of the Plaintiff's own careless and negligent conduct in one or more of the following ways:

    a. Knowing of a pre-existing physical condition and exposing himself to the conditions of employment which made those activities unsafe;

    b. Knowing of a pre-existing physical condition and failing to make his superiors aware of the condition so that relief could be secured from activities with a risk of injury;

    c. Failing to perform his duties in a reasonably safe manner;

    d. Failing to perform his duties as trained and instructed;

    e. Failing to keep a look out for his own safety;

    f. Knowingly incurring an obvious risk; and

    g. Failing to take the necessary precautions that a reasonable person would in encountering an obvious condition.

WHEREFORE, Defendant Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra requests that this court enter judgment in its favor and against plaintiff, or alternatively, that any judgment that may be heretofore entered against it be reduced by the degree of fault attributable to the plaintiff.

## SECOND AFFIRMATIVE DEFENSE
*Failure to Mitigate Damages*

Plaintiff failed to mitigate his damages by failing to return to work in a timely manner and by failing to seek appropriate medical treatment in a timely manner. As such, Metra is entitled to a reduction in any damages awarded to Plaintiff based on his failure to mitigate his damages.

WHEREFORE, Defendant Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra requests that this court enter judgment in its favor and against plaintiff, or

alternatively, that any judgment that may be heretofore entered against it be reduced by the degree of plaintiff's failure to mitigate his damages.

*Respectfully submitted,*

***SWANSON, MARTIN & BELL, LLP***

_____
A. Jay Koehler
One of the attorneys for Defendant,
Northeast Illinois Regional Commuter
Railroad Corporation d/b/a Metra

A. Jay Koehler – ARDC #6284758
SWANSON, MARTIN & BELL, LLP
330 North Wabash, Suite 3300
Chicago, Illinois 60611
Telephone: (312) 321-9100