AEK/ED 1433-064                                                         Firm I.D. No. 29558

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT E. MANLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 08 CV 1757 |
| v. | ) | |
| | ) | Judge William T. Hart, |
| NORTHEAST ILLINOIS REGIONAL | ) | Room 2243 |
| COMMUTER RAILROAD CORP., d/b/a | ) | |
| METRA, | ) | |
| | ) | |
| Defendant. | ) | |

**METRA'S MOTION FOR ENTRY OF
A QUALIFIED PROTECTIVE ORDER**

Defendant, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA (hereinafter "Metra"), by its attorney, Ewa Dabrowski, pursuant to 42 U.S.C. §1320(d) and 45 CFR Parts 160 and 164 (HIPAA) requests that this Court enter a qualified protective order, stating as follows:

1. Plaintiff Robert E. Manley, Jr. has filed this matter under the Federal Employer's Liability Act alleging negligence and seeking compensation for physical injuries.

2. The defendant, treating physicians, hospitals and other health care providers disclosed by plaintiff Robert E. Manley, Jr. in this case, are all "covered entities" as defined by 45 CFR 160.103. HIPAA prohibits covered entities from disclosing protected health information in judicial proceedings other than by authorization or qualified protective order. 45 CFR §164.512(e).

3. These covered entities are all in possession of "protected health information" (PHI) as defined by 45 CFR 160.103 and 164.501, in the form of medical

records (imaging, test results, insurance documents, notes, orders, labs, correspondence, pathology, etc.) pertaining to plaintiff Robert E. Manley, Jr.

4. Both the prosecution and defense of this case will require that the parties, their attorneys, their attorneys' agents, consultants and various witnesses and other personnel receive and review copies of the PHI pertaining to Robert E. Manley, Jr. which is in the treating providers' possession.

5. The Court has entered a discovery closure date in this matter of August 29, 2008. In order to expedite discovery and the process of obtaining Plaintiff's PHI, Metra proposes the attached qualified protective order to be used with subpoenas issued to the covered entities. The use of this protective order will avoid delay in waiting for individual signed authorizations from Plaintiff but will still allow Plaintiff time to object to production of records upon receipt of subpoena notice.

6. Plaintiff's counsel has advised counsel for Metra that he objects to the entry of the attached order because the authorization gives defense counsel "blank authorization to get medical records regardless of relevance to the case" and because Plaintiff's counsel will not agree to destroy copies of medical records upon completion of litigation.

7. The protective order clearly states that it may only be used in connection with obtaining records reasonably connected with the litigation and only through formal discovery requests such as subpoena, which would still allow Plaintiff time to object to any such requests while expediting the discovery process.

WHEREFORE, Defendant NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA, respectfully requests that this Court enter

the proposed order permitting the use and disclosure of PHI created or received by any covered entity that has provided health care to ROBERT E. MANLEY, JR. for any purposes connected with the pending litigation.

Respectfully submitted,

By: /s/ Ewa Dabrowski

Ewa Dabrowski – ARDC #6284758
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash • Suite 3300
Chicago, Illinois 60611
(312) 321-9100
Attorneys for Northeast Illinois Regional Commuter Railroad d/b/a Metra

AEK/ED 1433-064                                                          Firm I.D. No. 29558

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT E. MANLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 08 CV 1757 |
| v. ) | |
| ) | Judge William T. Hart, |
| NORTHEAST ILLINOIS REGIONAL ) | Room 2243 |
| COMMUTER RAILROAD CORP., d/b/a ) | |
| METRA, ) | |
| ) | |
| Defendant. ) | |

## QUALIFIED PROTECTIVE ORDER

This matter having come to be heard on the Motion of Defendant, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA (hereinafter "Metra"), for the entry of a Qualified Protective Order, all parties having received due notice, and the Court being fully advised in the premises:

1. The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to ROBERT E. MANLEY, JR. to the extent and subject to the conditions outlined herein.

2. For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 164.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present or future physical and mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to ROBERT E. MANLEY, JR. to all attorneys now of record in this matter or who may become of record in the future of this litigation.

4. The parties and their attorneys shall be permitted to use the PHI of ROBERT E. MANLEY, JR. in any manner that is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, their

attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

5. At the conclusion of the litigation (which shall be defined at the point at which final orders disposing of the entire case have been entered, or the time at which all trial and appellate proceedings have been exhausted), any person or entity in possession of PHI pertaining to ROBERT E. MANLEY, JR. (other than the person or entity that generated the PHI) shall destroy any and all copies of said PHI in their possession.

6. This Order shall not control or limit the use of protected health information pertaining to ROBERT E. MANLEY, JR. that comes into the possession of any party or any party's attorney from a source other than a "covered entity," (as that term is defined in 45 CFR 160.103).

7. Nothing in this Order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a patient authorization or through attorney-client communications. Likewise, nothing in this Order relieves any party from complying with the requirements of the Illinois Mental Health and Developmental Disabilities Confidentiality act (740 ILCS 110/1, et seq), the Aids Confidentiality Act (410 ILCS 305/1, et seq), or state and federal law that protects certain drug and alcohol records (20 ILCS 301/30-5, 42 USC 290dd-3 and 290cc-3, and 42 CFR Part 2).

_____
ENTER

_____
JUDGE

Ewa Dabrowski- ARDC #6284758
SWANSON, MARTIN & BELL, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
Telephone: (312) 321-9100
Fax: (312) 321-0990
Attorney ID: 6284758