`IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT E. MANLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 08 CV 1757 |
| v. ) | |
| ) | |
| NORTHEAST ILLINOIS REGIONAL ) | |
| COMMUTER RAILROAD CORP. ) | |
| d/b/a METRA, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S RESPONSE TO METRA'S MOTION FOR ENTRY OF A QUALIFIED PROTECTIVE ORDER

COMES NOW Plaintiff, Robert E. Manley, Jr., and for his response to Defendant's Motion for entry of a qualified protective order, states as follows:

The entry of a qualified protective order (QPO) is made pursuant to Rule 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense..." In this case, Metra clearly does not seek an order to protect anyone from embarrassment, oppression or undue expense. It only seeks an alternative way to get information from health care providers. From a procedural standpoint, defendant has failed to show good cause that a QPO would protect them from an undue burden since they can get the same information from an authorization.

While counsel understands that he may have time to object to the subpoenas, the problem stems from the fact that counsel would like to obtain the records first to review them to make sure that there is no objectionable information that may embarrass my client such

as information regarding sexually transmitted diseases, alcohol or drug records, or psychiatric treatment.

Moreover, the QPO requires any person or entity to destroy the medical records after the litigation. Counsel for plaintiff has an ethical duty to his client to retain his complete file for a minimum of 10 years. Counsel cannot ethically agree to this portion of the order.

Plaintiff respectfully requests that this Court deny defendant's motion as it has failed to show good cause as to how this order would protect it "from annoyance, embarrassment, oppression, or undue burden or expense;" because it removes safeguards for the protection of irrelevant and potentially embarrassing information; and to which this counsel cannot ethically be bound to because of his duty to maintain his client's complete file after the completion of litigation.

HOLLAND, GROVES & SCHNELLER & STOLZE, L.L.C.

 /s/ Ryan M. Furniss
RYAN M. FURNISS #6282915
ERIC D. HOLLAND #6207110
300 North Tucker, Suite. 801
St. Louis, MO  63101
(314) 241-8111
(314) 241-5554 (fax)

and

ROBERT J. COONEY, JR.
Cooney & Conway
120 N. LaSalle Street, Suite 30
Chicago, IL 60602

**Attorneys for Plaintiff**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was filed via CM/ECF, on this 23rd day of June, 2008:

A. Jay Koehler
Ewa Dabrowski
Swanson, Martin & Bell, LLP.
330 North Wabash, Suite 3300
Chicago, IL 60611
Telephone: (312) 321-9100
Fax: (312) 321-0990

                                                 /s/ Ryan M. Furniss