IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT E. MANLEY, JR.,              )
                                     )
            Plaintiff,               )
                                     )
      v.                             )    No. 08 C 1757
                                     )
NORTHEAST ILLINOIS REGIONAL          )
COMMUTER RAILROAD CORP,              )
d/b/a METRA,                         )
                                     )
            Defendant.               )

## OPINION AND ORDER

Since 1993, plaintiff Robert Manley has been an employee of defendant Northeast Illinois Regional Commuter Railroad Corporation, which does business as Metra. As of 2005, plaintiff was employed as a laborer at defendant's 49th Street Yard. In June 2005, he slipped and twisted his right knee while picking up a bag of garbage near a garbage dumpster. He alleges his injury was caused by the negligent condition of the area in which he slipped. He brings suit against defendant under the Federal Employees' Liability Act ("FELA"), 45 U.S.C. § 51 et seq. Defendant has moved for summary judgment contending evidence does not support that it was negligent.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. Crawford v. Metropolitan Gov't of Nashville & Davidson County, Tenn., 129 S. Ct. 846, 849 (2009); Stokes v. Board of Educ. of City of Chicago, 599 F.3d 617, 619 (7th Cir. 2010); Knight v. Wiseman, 590 F.3d 458, 462 (7th Cir. 2009). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Delta Consulting Group, Inc. v. R. Randle Constr., Inc., 554 F.3d 1133, 1137 (7th Cir. 2009); Hicks v. Midwest Transit, Inc., 500 F.3d 647, 651 (7th Cir. 2007); Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which it will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); National Athletic Sportswear, Inc. v. Westfield Ins. Co., 528 F.3d 508, 512 (7th Cir. 2008); Hicks, 500 F.3d at 651. The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324; Freundt v. Allied Tube & Conduit Corp., 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007); O'Brien v. Encotech Constr., 2004 WL 609798 *1 (N.D. Ill. March 23, 2004). Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record.

See Lorillard Tobacco Co. v. A & E Oil, Inc., 503 F.3d 588, 594-95 (7th Cir. 2007); Yasak v. Retirement Bd. of Policemen's Annuity & Benefit Fund of Chicago, 357 F.3d 677, 679 (7th Cir. 2004); NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir. 1995); Covalt v. Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists, Ltd., 844 F.2d 473, 476-77 (7th Cir. 1988); Freundt, 2007 WL 4219417 at *2. As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" Logan, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." Id. (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of

summary judgment." McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" Logan, 96 F.3d at 978 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

Outlaw, 259 F.3d at 837.

Defendant moves to strike the affidavit of plaintiff on the ground that it contains statements that are inconsistent with plaintiff's deposition testimony. Defendant also moves to strike the affidavit of Metra Yard employee Sherman Minton on the ground that plaintiff's attorney violated ethical rules by interviewing an employee of defendant without first requesting the permission of or notifying defendant's attorney.[1] Both the affidavits

---

[1]It was also contended that plaintiff failed to disclose Minton as a witness in discovery responses. After defendant moved to strike the affidavits, however, discovery was reopened so defendant clearly has had sufficient notice. In any event, during discovery, Minton's potential as a witness was disclosed earlier during plaintiff's deposition. That is sufficient to preclude barring Minton as a witness even if plaintiff failed to formally disclose in writing that Minton is a potential witness. See Fed. R. Civ. P. 26(e)(1)(A); Se-Kure Controls, Inc. v.

include statements regarding notice defendant had regarding allegedly negligent conditions around the garbage dumpster.

In the Seventh Circuit, it is well established that, on summary judgment, a party cannot rely on an affidavit or declaration that is inconsistent with prior deposition testimony (or a sworn statement) of that witness unless an adequate explanation for the inconsistency is provided. Walker v. Sheahan, 526 F.3d 973, 979 (7th Cir. 2008); Fischer v. Avanade, Inc., 519 F.3d 393, 406-07 (7th Cir. 2008); Howard v. Holm, 2010 WL 744254 *4 (W.D. Wis. March 1, 2010); Chao v. Unique Mfg. Co., 649 F. Supp. 2d 827, 831 (N.D. Ill. 2009). Contrary to defendant's contention, plaintiff did not testify that the only complaints he was aware of concerned the parking area of the Yard, not the area where the dumpster was located. Plaintiff was not asked clear and specific enough questions to so construe his testimony. To the extent plaintiff now provides admissible statements regarding complaints about the area around the dumpster, his present statements are not barred as inconsistent with his deposition testimony.

As to Minton's affidavit, defendant contends it should not be considered because plaintiff's counsel's interview of

---

Vanguard Prod. Group, Inc., 2007 WL 781253 *7-8 (N.D. Ill. March 7, 2007); Abrams v. Van Kampen Funds, Inc., 2005 WL 88973 *4 (N.D. Ill. Jan. 13, 2005); Fenje v. Feld, 301 F. Supp. 2d 781, 814-15 (N.D. Ill. 2003), aff'd, 398 F.3d 620 (7th Cir. 2005).

Minton violated N.D. Ill. Loc. R. 83.54.2 which provides: "During the course of representing a client a lawyer shall not communicate or cause another to communicate on the subject of the representation with a party the lawyer knows to be represented by another lawyer in that matter unless the first lawyer has obtained the prior consent of the lawyer representing such other party or as may otherwise be authorized by law." The Committee Comment to this Rule provides in part: "In the case of an organization, this rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization."[2]

---

[2]Plaintiff relies on the commentary to the ABA's Model Rule of Professional Conduct 4.2, upon which the pertinent Local Rule was patterned. See N.D. Ill. Loc. R. 83.50.1. As to the present dispute, it is this District's Local Rule that applies, not the ABA Model Rule. Although the reference to admissions was deleted from the commentary to ABA Model Rule 4.2 in 2002, see Paris v. Union Pac. R. Co., 450 F. Supp. 2d 913, 915 (E.D. Ark. 2006), it remains part of the commentary to this Court's rule. Plaintiff also contends that 45 U.S.C. § 60 overrides the application of this ethical rule. The Seventh Circuit has held otherwise. Weibrecht v. Southern Ill. Transfer, Inc., 241 F.3d 875, 880-81 (7th Cir. 2001). Perhaps plaintiff is seeking to preserve this issue for a possible appeal. This court must continue to follow the Seventh Circuit precedent unless it is overruled or there is otherwise good reason to find the Seventh Circuit would no longer follow this precedent.

It is undisputed that Minton is not a manager. It is also undisputed that plaintiff's claim is not based on imputing Minton's conduct to Metra. Defendant contends that interviewing Minton falls under Rule 83.54.2 because his statements could be deemed an admission of Metra pursuant to Fed. R. Evid. 801(d)(2)(D), which applies to "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." It is unnecessary to decide whether Minton's statement regarding complaints about the conditions of the area where plaintiff was injured concerns a matter within the scope of his agency. Cases in this District have consistently construed Rule 83.54.2 (formerly 4.2) as being inapplicable when the party expressly disclaims using a non-managerial employee's statement as an admission of the party's opponent. Hill v. Shell Oil Co., 209 F. Supp. 2d 876, 879 (N.D. Ill. 2002) (collecting cases); B.H. by Monahan v. Johnson, 128 F.R.D. 659, 662-63 (N.D. Ill. 1989). Here, plaintiff expressly states that it will not use any statement of Minton as an admission of defendant. Minton's affidavit will be considered.

The motion to strike plaintiff's and Minton's affidavits will be denied.

Resolving all factual disputes and drawing all reasonable inferences in plaintiff's favor, the facts assumed to be true for

purposes of ruling on defendant's summary judgment motion are as follows. As of June 2005, plaintiff was assigned to the 49th Street Yard and his duties included riding a forklift, sweeping the shop, cleaning, driving people around, picking up garbage bags outside, and picking up supplies. On June 10, 2005, plaintiff injured his right knee. A bag of garbage was sitting next to a dumpster. Plaintiff picked up the bag to place it in the dumpster. Different-sized rocks and debris were in the area around the dumpster. As plaintiff lifted the bag, rocks gave way under his foot, causing him to slip and twist his right knee.

Defendant owns the area where plaintiff was injured. It selects the type of surface for this area. Every day, employees use the area around the dumpster. Defendant is aware of the need for firm footing for its employees and that it should have a smooth surface where employees must walk. Plaintiff was present at safety meetings during which complaints were made of the rocks in the Yard, including in the area where plaintiff was injured. Plaintiff himself complained to supervisors about the rocks in the area where he was injured.[3] Minton states in his affidavit: "prior to Mr. Manley's injury, complaints were made about the

---

[3]Plaintiff states in his affidavit that other employees also complained to supervisors. However, he does not expressly state that he was present during these conversations nor identify the employees or supervisors. His statements as to what other employees reported will not be credited other than statements made at safety meetings.

footing conditions in the yard, including where Mr. Manley was injured." This conclusory statement will not be credited since it does not state who made the complaints, to whom the complaints were made, nor identify the dates of the statements with sufficient specificity. In any event, plaintiff's testimony and affidavit are sufficient to establish that defendant was on notice regarding the condition of the area around the dumpster.

Evidence supports that the surface around the dumpster was in an unsafe condition, that defendant was aware of this condition, and that plaintiff's injury was caused by the condition of the surface. Defendant's motion for summary judgment will be denied.

IT IS THEREFORE ORDERED that defendants' motions to strike [36] and for summary judgment [32] are denied. In open court on July 22, 2010 at 11:00 a.m., the parties shall submit an original and one copy of a final pretrial order in full compliance with Local Rule 16.1 and Local Rule Form 16.1.1, including trial briefs, proposed voir dire questions, motions in limine with supporting briefs, and proposed jury instructions.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: MAY 27, 2010